**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

| | | |
|---|---|---|
| LEON GLASPIE, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 15-7691 (RBK) (AMD) |
| | : | |
| v. | : | |
| | : | |
| GLOUCESTER COUNTY NEW JERSEY, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

_____ :

**ROBERT B. KUGLER, U.S.D.J.**

### I.    INTRODUCTION

Plaintiff is proceeding *pro se* with a civil rights complaint. Plaintiff's application to proceed *in forma pauperis* will be granted and the Clerk will be ordered to file the complaint. At this time, this Court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failing to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be permitted to proceed in part.

### II.    BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening Opinion. He names five defendants in the complaint:  (1) Gloucester County; (2) State of New Jersey; (3) New Jersey Department of Corrections; (4) Judge Walter L. Marshal, Jr.; and (5) Mary K. Pyffer – prosecutor.

Plaintiff asserts that he is entitled to monetary damages for the period of time between June 1, 2009 and November 25, 2013 that he states he was illegally detained and unlawfully imprisoned. Plaintiff states that he was arrested by Gloucester County (Deptford) police on

November 24, 2008 for robbery and related offenses. At that time, he was taken to F.D.C. Philadelphia to finish serving the remainder of a federal sentence. Plaintiff states that on June 1, 2009, and on four other occasions after that date, he was transported from F.D.C. Philadelphia to New Jersey, and then returned the same day in violation of the Interstate Agreement on Detainers ("IAD").

Plaintiff eventually filed a motion to dismiss the New Jersey indictment based on a violation of the IAD. Judge Marshal denied the motion. According to plaintiff, because of this denial, plaintiff then accepted a ten-year plea deal.

Plaintiff appealed the denial of his motion to dismiss the indictment to the New Jersey Superior Court, Appellate Division. In February, 2013, that court ordered the indictment against him dismissed with prejudice based on an IAD violation. Plaintiff states, however, that he was kept imprisoned until November 25, 2013, when the New Jersey Supreme Court denied review of the Appellate Division's decision. He seeks monetary damages for the time he says he was unlawfully imprisoned June 1, 2009 to November 25, 2013.

### III.    LEGAL STANDARDS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't,* 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins,* 487 U.S. 42, 48 (1988).

District courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B). The statute directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana,* 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster,* 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal,* 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.' " *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir.2013) (citation omitted) (emphasis added).

## IV.   DISCUSSION

### A.   State of New Jersey/New Jersey Department of Corrections

Plaintiff fails to state a claim against the State of New Jersey and the New Jersey Department of Corrections because they are immune under the Eleventh Amendment for monetary damages. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Accordingly, "[t]he rule has evolved that a suit by private parties seeking to impose liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *See Shahin v. Delaware,* 345 F. App'x 815, 817 (3d Cir. 2009) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984)). Section 1983 does not override a state's Eleventh Amendment immunity. *See Gromek v. Maenza,* 614 F. App'x 42, 44 (3d Cir. 2015) (citing *Quern v. Jordan,* 440 U.S. 332, 345 (1979)). As a result, the New Jersey Department of Corrections and the State of New Jersey are immune from suit for money damages in federal court pursuant to

the Eleventh Amendment. *See Durham v. Dep't of Corr.,* 173 F. App'x 154, 156 (3d Cir. 2006) (state department of corrections is immune from suit pursuant to the Eleventh Amendment) (citing *Mt. Healthy City Bd. of Educ. v. Doyle,* 429 U.S. 274 (1977)); *see also Whitaker v. New Jersey State Prison*, No. 15-6744, 2016 WL 781897, at *2 n.2 (D.N.J. Feb. 29, 2016) (State of New Jersey and New Jersey Department of Corrections immune from suit for money damages under Section 1983); *Williams v. Gartrell*, No. 15-5609, 2015 WL 5110913, at *2 n.2 (D.N.J. Aug. 31, 2015) (same). Additionally, the Department of Corrections is not a "person" subject to Section 1983 liability. *See Tulli–Makowski v. Community Educ. Ctrs., Inc.*, No. 12–6091, 2013 WL 1987219, at *3 (D.N.J. May 13, 2013) (citing *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989)); *see also Nadal v. Christie*, No. 13–5447, 2014 WL 2812164, at *4 (D.N.J. June 23, 2014). Therefore, for these reasons, plaintiff's claims against these two defendants shall be dismissed with prejudice.

   B. <u>Judge Walter L. Marshal, Jr.</u>

   It appears as if plaintiff is pursuing suit against Judge Marshal because he denied his motion to dismiss the indictment against him. A judicial officer has immunity in the performance of his duties. *See Mireles v. Waco,* 502 U.S. 9, 11 (1991) (per curiam). The immunity is absolute and cannot be overcome by allegations of bad faith or malice. *See id.* There are two exceptions: (1) for non-judicial actions, not taken in the judge's official capacity; and (2) for actions which, although judicial in nature, were taken in the complete absence of jurisdiction. *See id.* at 11–12. Whether an act is judicial relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman,* 435 U.S. 349, 362 (1978); *see also Gallas v. Supreme Court of Pa.,* 211 F.3d 760, 768 (3d Cir. 2000) (citations omitted).

Judge Marshal's act of denying the motion to dismiss is a judicial act that entitles the Judge to judicial immunity. *See Khan v. Dep't of Public Welfare*, No. 12-4289, 2012 WL 3222665, at *2 (E.D. Pa. Aug. 7, 2012) (plaintiff's claims against judge which are based on judge's denial of plaintiff's motions are barred by judicial immunity). Therefore, plaintiff's claims against Judge Marshal shall also be dismissed with prejudice.

C. <u>Mary K. Pyffer</u>

The complaint is completely devoid of any allegations as it relates Mary K. Pyffer, besides the fact that she is a Gloucester County Assistant Prosecutor. Thus, this Court could presumably dismiss this defendant based on a lack of any specific allegations against her under *Iqbal*. However, this Court will presume that plaintiff is pursing claims against her as the prosecutor who was involved in plaintiff's state criminal proceedings which were ultimately dismissed by the Appellate Division.

A state prosecuting attorney who acts within the scope of his duties in initiating and pursuing a criminal prosecution is not amenable to suit under § 1983. *See Imbler v. Pachtman,* 424 U.S. 409, 410 (1976); *see also Arsad v. Means,* 365 F. App'x 327, 329 (3d Cir. 2010) (per curiam). A prosecutor's appearance in court as an advocate of the state's position or the presentation of evidence at a hearing is protected by absolute immunity. *See Burns v. Reed,* 500 U.S. 478, 492 (1991). Thus, plaintiff's claims against Pyffer also will be dismissed with prejudice as she is immune from suit as well.

D. <u>Gloucester County</u>

This Court will permit plaintiff's complaint to proceed against Gloucester County at this early stage of the proceedings.

**V.      CONCLUSION**

For the foregoing reasons, plaintiff's claims against the State of New Jersey, the New

Jersey Department of Corrections, Judge Walter L. Marshal, Jr. and Mary K. Pyffer shall be

dismissed with prejudice. Plaintiff's claims against Gloucester County shall be permitted to

proceed. An appropriate Order will be entered.


DATED:  September 7,  2016                          s/Robert B. Kugler
                                                   ROBERT B. KUGLER
                                                   United States District Judge